IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAYME REYNOLDS,

    Plaintiff,                        No. CIV S-10-161 EFB

    vs.

UNITED STATES OF AMERICA,

    Defendant.                  <u>ORDER</u>

_____/

This case is before the undersigned due to the consent of the parties. *See* 28 U.S.C. § 636(c); E.D. Cal. L.R. 305; Dckt. No. 23. Pursuant to the Rule 16 status (pretrial scheduling) order issued in this action, a final pretrial conference is currently scheduled for January 11, 2012, and trial is set to commence on March 13, 2012. Dckt. No. 24. However, on January 10, 2012, the parties filed a stipulation to continue the final pretrial conference "to a date mutually acceptable to the court and counsel," due to the unavailability of plaintiff's counsel. Dckt. No. 29. Plaintiff's counsel contends that he is currently in trial in state court "and will be unavailable until after January 20, 2012." *Id.*

The court would ordinarily not be inclined to continue the final pretrial conference, which requires a modification of the Rule 16 scheduling order and therefore a showing of good cause, simply due to plaintiff's counsel's unavailability, especially given that plaintiff's counsel did not inform the court of his unavailability until shortly before the final pretrial conference was

////

1

scheduled to occur.[1] However, because the parties have stipulated to continue the conference, and because the court needs to reschedule the current trial date due to its own availability, the good cause issue will not be reached and the parties' stipulation will be approved.

Accordingly, IT IS HEREBY ORDERED that:

1. The parties' stipulation to continue the January 11, 2012 final pretrial conference, Dckt. No. 29, is approved;

2. The final pretrial conference is continued to February 8, 2012 at 10:00 a.m. in Courtroom No. 24; and

3. The bench trial is continued to April 16, 2012 at 10:00 a.m. in Courtroom No. 24.

IT IS SO ORDERED.

DATED: January 10, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's counsel's staff originally contacted the undersigned's courtroom deputy the week prior to the final pretrial conference indicating that plaintiff's counsel would be unavailable on the date of the conference. However, the parties' stipulation to continue the conference was not filed until the afternoon before the conference. In the future, failure to promptly notify the court of a party or counsel's unavailability may result in the denial of a request to reschedule and/or the imposition of sanctions. Counsel is admonished that the failure to exercise due diligence in planning and managing a calendar does not amount to good cause for purposes of modifying a Rule 16 scheduling order.